### O'DONNELL v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. TRIAL—EVIDENCE—CROSS-EXAMINATION—EXPLANATION OF CONTRADICTION.
    In an action against a street railroad company for personal injuries, the motorman testified on direct examination that he put on the reverse when he struck plaintiff's wagon, so that the car went backward, and on cross-examination stated that near a corner, which from some of the evidence appeared to be the place where the accident happened, he had no power on, because there was a "breaker" there where the power was cut off. On redirect he was asked if there was a "breaker" at or near this corner, and the question was excluded on the ground that he had already testified there was. Held error; the witness being entitled to explain the seeming contradiction.

Appeal from City Court of New York.

Action by John O'Donnell against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
John F. Foley, for respondent.

MacLEAN, J. Damages were sought for personal injuries sustained by the plaintiff in a collision between one of the defendant's cars and a wagon, on which the plaintiff was driving, at a spot stated in the complaint "as in Park Row near Spruce street," but so vaguely indicated as to cost the jurors, the witnesses, and the court much time and

pains, quite avoidable, had the location of the occurrence been definitely fixed before the trial, as it advantageously might be, were parties on the one side or on the other, or both, minded or constrained to accompany the pleadings with diagrams exhibiting the very place of occurrence, when important. The case turned upon the conduct of the motorman, what he did and where he did it, as observed and related by the different witnesses, and incidentally upon his credibility.

Some of the witnesses for plaintiff testified that the car was going rapidly; others, very slowly; and one, that after it had the wagon jammed up against the fence the car went fast. The motorman said, on his direct, he was going very slowly at the time, about a mile an hour; that when he hit the forward wheel of the wagon his car came to a stop, and did not go at all; that he put on the reverse—"I reversed it, and it went back about five feet." On his cross he said that about 20 feet south of Spruce street he started to put on the brake; that he had no power on then because there was a "breaker" there— a "breaker" being, as afterwards explained, part where the power is cut off, or a separation between the channel works. Now, if "20 feet south of Spruce street" were taken, as it might be from some of the evidence, as the place where he said before that he had put on the reverse, the motorman might be deemed to have contradicted himself. Evidently to explain away, as he had a right to do, if he could, this seeming contradiction, the defendant's counsel recalled the motorman and asked him, "Do you know whether there is a breaker at or near Spruce street, on Park Row?" which was objected to, "on the ground that witness had already testified there was." The objection was sustained, to which defendant's counsel excepted. The exception was well taken, for the exclusion of the question was a reversible error. Not only was the evidence wrongly referred to, but the defendant, also, was entitled to have from the witness himself whatever explanation he could give of the seeming contradiction in his testimony; for, as said in People v. Buchanan, 145 N. Y. 1, 24, 39 N. E. 846, by Gray, J.:

"I understand the rule to be that a witness may be re-examined by the party calling him upon all topics upon which he is cross-examined, with a purpose of explaining any new facts which may come up."

Practically the same may be said as to the exclusion of two other questions, asked for the same purpose and excluded on a mere "Objected to," without statement of any reason, and which were as to whether or not there was a separation between the channel works on Park Row, at or near Spruce street, and also as to whether there was a "breaker" within 50 or 60 feet of Spruce street. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.